UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHERYL MOULTON,

Plaintiff,

v.

STEPHEN M. PAUL, et al.,

Defendants.

Case No. 25-cv-04059-EKL

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Re: Dkt. Nos. 11, 17, 18

This action arises out of a dispute between pro se Plaintiff Sheryl Moulton and her uncle Stephen M. Paul relating to the interpretation of the trust of their relative, Betty C. Paul ("Trustor Betty"). Moulton and Paul are beneficiaries of the trust, and both claim competing interests in certain trust assets, including Trustor Betty's home in Carmel, California. Moulton and Paul have been litigating the interpretation of the trust in state court since April 2022. Now, Moulton alleges a conspiracy to defraud the probate court and strip Moulton of her rightful inheritance. Although most of the claims sound in state law, Moulton also alleges the following federal causes of action: deprivation of constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985, violation of the Americans with Disabilities Act ("ADA"), and a Racketeer Influenced Corrupt Organizations ("RICO") Act conspiracy. Plaintiff identifies Buffington Law Firm, PC, and Hitchman Fiduciaries, LLC as co-conspirators in Paul's scheme to disinherit Plaintiff, and names them as co-defendants in this action.

Before the Court are Paul, Buffington Law Firm, and Hitchman Fiduciaries' separate motions to dismiss. ECF Nos. 11, 17, 18. Moulton opposes the motions to dismiss. ECF Nos. 24-26. For the following reasons, the Court GRANTS WITH LEAVE TO AMEND Defendants' motions to dismiss.

## I.    BACKGROUND

### A.    Probate Proceedings

The trust at issue in this dispute was originally created in 1973 by Thomas L. Paul and Betty C. Paul. ECF No. 14-1 Ex. A.[1] It was restated in full in 1997 and has since been amended at least ten times. *Id.* Exs. B-N. The parties agree that the trust was divided into two separate trusts upon the death of Thomas L. Paul in 2004. ECF No. 14-1 ¶ 14; *see also* Compl. ¶ 25, ECF No. 1. Trust B became irrevocable upon the death of Thomas L. Paul in 2004. Compl. ¶ 25. Trust A became irrevocable upon the death of Trustor Betty on May 20, 2021. ECF No. 14-1 ¶ 29; *see also* Compl. ¶ 20.

On April 4, 2022, following the death of Trustor Betty, Paul filed a petition in the Orange County Superior Court, Probate Division ("probate court"), requesting interpretation of the trust instruments. ECF No. 14-1. In particular, Paul sought a determination that he is the sole successor trustee of both Trust A and Trust B, and an interpretation that an amendment to Trust A in 2015 ("2015 Amendment") did not disturb his right to Trustor Betty's Carmel home. *Id.* ¶¶ 67-76. Paul was represented in the probate proceedings by Buffington Law Firm. On August 8, 2022, with assistance of counsel, Moulton filed a response to Paul's petition arguing that she is the rightful trustee, and alleging that Paul unduly influenced Trustor Betty to assign her Carmel home to him, embezzled trust funds for his own personal use, and otherwise committed financial elder abuse against Trustor Betty. ECF No. 14-2 at 7. Moulton further argued that the 2015 Amendment includes Trustor Betty's Carmel home, and as a result, that Moulton is entitled to 20% of the home. *Id.* Notably, Moulton did not dispute the authenticity of the 2015 Amendment in the probate proceedings.

On September 9, 2022, again with assistance of counsel, Moulton filed a petition in the probate court to remove Paul as co-trustee and to sanction him for elder abuse, undue influence,

---

[1] The Court takes judicial notice of the docket in *In re Paul Revocable Living Tr.*, Orange County Super. Ct., No. 30-2022-01252880-PR-TR-CMC (Cal. Super. Ct.). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[Courts] may take judicial notice of court filings and other matters of public record.").

United States District Court
Northern District of California

misrepresentation, misappropriation and mismanagement of trust funds, self-dealing, failure to comply with trust terms, and breach of fiduciary duty. ECF No. 14-3 at 11-17. On April 4, 2023, the probate court resolved the trustee dispute by appointing Brett Hitchman of Hitchman Fiduciaries as professional fiduciary and the sole successor trustee. ECF No. 14-5.

During the course of the probate litigation, Moulton, without assistance of counsel, filed repetitive motions, including filing at least six motions to change venue or remove the litigation to federal court. *See* ECF Nos. 17-1 at 24-27 (8/2/2022 motion), 29-35 (8/5/2022 motion), 113-132 (12/20/2022 motion), 134-156 (12/22/2022 motion), 158-187 (8/3/2023 motion), 240-243 (5/7/2022 motion); *see also* ECF No. 14-4. The probate court denied each of Moulton's motions. *See* ECF No. 14-4. As a result of Moulton's repetitive filings and on a motion by Paul, the probate court determined that Moulton was a vexatious litigant and issued a pre-filing order requiring a $10,000 security. ECF No. 14-18.

Moulton also routinely failed to appear for hearings before the probate court, including for hearings on her own motions and for a trial setting conference in April 2023. ECF Nos. 14-7, 14-8, 14-10, 14-11. Thus, on May 10, 2023, after repeatedly failing to appear, the probate court issued an order to show cause why Moulton's petition should not be dismissed for failure to appear and failure to give notice. ECF No. 14-10. The court held a show cause hearing on July 19, 2023, and Moulton again did not appear or otherwise contact the probate court regarding her failure to appear. ECF No. 14-11. As a result, Moulton's petition was dismissed without prejudice. *Id.*

Less than a month later, on August 7, 2023, Moulton, again without counsel, filed a petition for writ of mandate in the California Court of Appeal. Moulton claimed that the probate judge had "unclean hands" and violated her Fourteenth Amendment "equal access" rights by repeatedly denying her motions for change of venue. ECF No. 14-12 at 6-8. Moulton therefore sought a stay of all probate proceedings pending determination of yet another motion to change venue. *Id.* at 8. The petition was denied. Order Den. Pet., *Moulton v. Superior Ct.,* No. G062937 (Cal. Ct. App. Aug. 7, 2023). Moulton's motion to change venue was subsequently denied by the probate court. ECF No. 14-13.

On August 18, 2023, the probate court held a hearing and set Paul's petition for trial on September 19, 2023. ECF No. 14-14. Moulton appeared at the August 18 hearing by phone. *Id.* The probate court offered Moulton several accommodations to facilitate her participation in the trial, including allowing her to appear remotely and offering assistance in arranging access to a computer through Moulton's local justice center. *Id.* Other parties were required to appear in person for the trial. *Id.* Nevertheless, Moulton did not appear or contact the probate court on the day of the trial. ECF No. 14-15.

On September 26, 2023, the probate court issued a minute order reflecting the Court's findings, including that Paul's petition was granted. ECF No. 14-15. Final judgment was entered in Paul's favor on November 17, 2023. ECF No. 14-19. Before final judgment was entered, Plaintiff filed a notice of appeal, which was denied for failure to designate the record on appeal. ECF No. 14-16. Plaintiff was given 30 days to cure the appeal, which she failed to do. *Id.*

**B.      This Action**

On May 9, 2025, a year and a half after the final judgment was entered in the probate proceedings, Moulton filed this action against Paul; Buffington Law Firm, Paul's attorney in the probate proceedings; and Hitchman Fiduciaries.[2] Moulton brings 35 "causes of action,"[3] the overwhelming majority of which are state law claims.

In the complaint, Moulton again alleges that Paul engaged in a "protracted and multifaceted" fraudulent financial exploitation scheme to "unlawfully control [and] misappropriate assets from" the trust. Compl. ¶ 2. She also restates many of the allegations raised before the probate court regarding Paul's alleged undue influence, financial control, and elder abuse of Trustor Betty before her passing. *Id.* ¶¶ 26-53. Now, however, Moulton alleges for the first time that the 2015 Amendment to the trust is void due to Paul's undue influence on Trustor Betty and

---

[2] Hitchman Fiduciaries argues that it is not the appropriate defendant because it was not named as trustee. Instead, Brett Hitchman, a licensed professional fiduciary at Hitchman Fiduciaries, was named as the trustee. Based on first principles, however, if Mr. Hitchman was acting as an agent of the professional fiduciary company, then the company may be named as defendant. Because Mr. Hitchman was acting as a professional fiduciary, it can be reasonably inferred that he was acting as an agent of his employer, Hitchman Fiduciaries.

[3] Moulton's thirtieth through thirty-fourth "causes of actions" are remedies, not causes of action.

because Paul engaged in "unauthorized practice of law" by having Trustor Betty sign the 2015 Amendment. *Id.* ¶¶ 34-41. Notably, however, Moulton herself is a witness to the 2015 Amendment and did not dispute the authenticity of the 2015 Amendment in the probate proceedings. ECF No. 14-1 at 96 (handwritten 2015 Amendment witnessed by Moulton).

Moulton now contends that Paul and Buffington Law Firm committed fraud on the probate court by presenting the "fraudulent" 2015 Amendment to the court and by representing to the probate court that Moulton was a prior trustee. Compl. ¶¶ 34-54, 57. She further alleges that Buffington Law Firm committed legal malpractice by representing Paul as both trustee and beneficiary in the probate proceedings and by "aiding and abetting" Paul's extrinsic fraud on the probate court. *Id.* ¶¶ 62-64. Finally, Moulton alleges that Hitchman Fiduciaries breached its fiduciary duty by failing to investigate the 2015 Amendment, failing to act impartially, imprudently spending trust funds, wrongfully taking or conspiring with others to take trust assets, and failing to neutrally administer the trust. *Id.* ¶¶ 65-67. In sum, Plaintiff alleges that the collective actions of Paul, Buffington Law Firm, and Hitchman Fiduciaries violated her constitutional rights, were discriminatory under the ADA, and constituted a RICO conspiracy.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a Rule 12(b)(6) motion, the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

United States District Court
Northern District of California

## III.    DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because the majority of Moulton's 35 causes of action are state law claims and parties are not diverse, the Court only has subject matter jurisdiction over Moulton's case if she states a claim under federal law. Thus, the Court begins by determining whether Moulton has plausibly stated a claim under any federal cause of action. First, the Court considers Moulton's claims under 42 U.S.C. §§ 1983 and 1985. Second, the Court considers Moulton's disability discrimination claim under the ADA. Third, the Court considers Moulton's RICO claims.

### A.    Constitutional Claims

Moulton alleges that Defendants "conspired" with unspecified state actors[4] to deprive her of due process, equal protection, and access to state courts. Compl. ¶ 161. She asserts claims against all Defendants pursuant to 42 U.S.C. § 1983 and claims against Paul and Buffington Law Firm pursuant to 42 U.S.C. § 1985 for the alleged constitutional violations.

***Section 1983*:**  To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1) that a right "secured by the Constitution and laws of the United States" was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988) (collecting cases); *Ketchum v. County of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987). Non-state actors, such as Defendants, may be liable for a conspiracy under Section 1983 only if the plaintiff demonstrates that they "conspired or entered joint action with a state actor" to violate constitutional rights. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002)).

First, Moulton does not specify how Defendants' conduct "effectively and unconstitutionally barred [her] from meaningful access to California state courts." Compl. ¶ 73. The only plausible "barrier" to state court access the Court is able to identify in the complaint is

---

[4] Moulton identifies "judges and court personnel" as the pertinent state actors in her opposition to Defendants' motions. ECF Nos. 24 at 5, 25 at 4.

United States District Court
Northern District of California

Moulton's reference to a "$10,000 bond demand," *id.* ¶ 74, which appears to refer to the pre-filing order entered against Moulton pursuant to California's vexatious litigant statute, Cal. Civ. Proc. Code § 391 *et seq.*, *see* ECF No. 14-18. However, the Ninth Circuit has held that California's vexatious litigant statute does not violate either the due process or equal protection clause, even when litigants are required to furnish a security. *Wolfe v. George*, 486 F.3d 1120, 1124-27 (9th Cir. 2007) (discussing Cal. Civ. Proc. Code § 391 *et seq.*). In addition, to the extent Moulton intends to challenge the "past or future enforcement" of the pre-filing order, such a challenge would constitute "a forbidden 'de facto appeal' of [a] prior state court judgment[]." *Earls v. Cantil-Sakauye*, 745 F. App'x 696, 697 (9th Cir. 2018) (affirming dismissal without leave to amend of a Section 1983 claim challenging a vexatious litigant designation); *see also Shuler v. Scott*, No. 22-cv-07652-VKD, 2023 WL 8600707, at *5-6 (N.D. Cal. Dec. 12, 2023) (holding that claims challenging enforcement of a vexatious litigant order were a "de facto appeal" barred by the *Rooker-Feldman* doctrine). Therefore, neither the vexatious litigant determination nor its enforcement can serve as the predicate constitutional violation for Moulton's Section 1983 claim.[5] Thus, Moulton has not plausibly alleged that the pre-filing order posed any barrier to her access to the state court.

Second, Moulton does not plead any "specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). Instead, Moulton supports her Section 1983 claim with a single conclusory sentence stating that Defendants "act[ed] under color of state law" through an "alleged conspiracy with state actors or misuse of state legal processes" to deprive her of "due process, equal protection, and access to courts." Compl. ¶ 161. In other portions of the complaint, however, Moulton suggests that her constitutional rights were violated by state actors that were "influenced by [Defendants'] fraud." Compl. ¶ 74; *see also id.* ¶¶ 71, 73, 77, 124, 139, 143. State actors, including the probate court, being defrauded by Defendants strongly undermines Moulton's claim of a conspiracy between

---

[5] Moreover, even after the pre-filing order was entered, the probate judge gave Moulton notice and an opportunity to participate in the trial on Paul's petition. ECF Nos. 14-14, 14-15. Moulton declined to participate.

United States District Court
Northern District of California

Defendants and the allegedly defrauded state actors.  In any event, her conclusory allegations are insufficient to state a claim.  *Lopez v. California*, No. 22-55352, 2023 WL 6937302, at *1 (9th Cir. Oct. 20, 2023) ("[Plaintiff] only made a conclusory allegation of [a Section 1983] conspiracy, which is not enough." (citing *Burns*, 883 F.2d at 821)); *see also Twombly*, 550 U.S. at 555 (holding that "labels and conclusions" are insufficient to state a claim).

*Section 1985(2)***:**  Moulton alleges Paul and Buffington Law Firm conspired "for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in California state courts with the intent to deny Plaintiff equal protection, or conspired to injure Plaintiff for lawfully enforcing her rights" in violation of 42 U.S.C. § 1985(2).  Compl. ¶ 163.  This claim likewise fails.  First, because Moulton fails to state a Section 1983 claim, her Section 1985 claim fails as a matter of law.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").  Second, Moulton fails to plausibly allege a conspiracy for the reasons stated above.  Third, Moulton does not specify the conduct of Paul and Buffington Law Firm that was allegedly intended to impede, hinder, or obstruct her access to the state courts.

*Section 1985(3)***:**  Finally, Moulton alleges that Paul and Buffington Law Firm conspired "to deprive [her] of equal protection or equal privileges and immunities under the laws, based on discriminatory animus (including disability)" in violation of 42 U.S.C. § 1985(3).  Compl. ¶ 163.  Among other elements, a Section 1985(3) claim requires a conspiracy and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action[s]." *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Nowhere in the complaint does Plaintiff identify her disability or explain how Defendants discriminated against her on account of her disability.  At most, Moulton alleges that she is a disabled person who suffered harm from being denied access to trust distributions "necessary for [her] legal representation."  Compl. ¶ 153.  This does not amount to class-based invidious discrimination.  *United Bhd. of Carpenters*, 463 U.S. at 835; *see also Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (explaining that "conclusory allegations . . . are not sufficient" to state a claim under Section 1985).  Thus,

Moulton fails to plausibly allege a Section 1985(3) claim.

### B.    ADA Claim

Moulton's ADA claim is also deficient.  Moulton alleges that she is "a qualified individual with a disability," and that all Defendants discriminated against her "through their actions impacting trust distributions necessary for [her] legal representation."  Compl. ¶ 153.  Moulton's ADA claim is not properly pleaded under Rule 8 because she does not identify the relevant title of the ADA under which she brings her claim nor does she "state[] the elements of the claim."  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

In her opposition to Hitchman Fiduciaries' motion to dismiss, Moulton identifies the elements of a Title III claim and asserts she has adequately pleaded those elements.  ECF No. 26 at 14.  To state a claim under Title III of the ADA, Moulton must show that:  (1) she is disabled as defined by the ADA; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation"; (3) "the defendant employed a discriminatory policy or practice"; and (4) the defendant discriminated against her based on her disability by failing to make a requested reasonable modification that was necessary to accommodate her disability.  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (collecting cases) (citing 42 U.S.C. §§ 12182(a) and (b)(2)(A)(ii)).

Even if Moulton's conclusory allegation that she is "a qualified individual with a disability" was sufficient to plead the first element, she wholly fails to allege the remaining elements.  As to the second element, Moulton makes no allegations whatsoever that any Defendant "owns, leases, or operates a place of public accommodation."  In fact, "public accommodation" appears nowhere in the complaint.  As to the third element, Moulton does not identify *any* policy or practice other than vaguely referencing Defendants' course of conduct in the probate proceedings, which is not facially discriminatory.  Finally, Moulton does not identify a requested reasonable accommodation that was denied.  Thus, Plaintiff's ADA claim must be dismissed.

### C.    RICO Claims

Moulton alleges that Paul and Buffington Law Firm violated Section 18 U.S.C. § 1962(c),

United States District Court
Northern District of California

which makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."[6]  To state a RICO claim, Moulton must plausibly allege that Defendants participated in "(1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC, v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).  To satisfy the second element when the enterprise is not a legal entity, Moulton must allege an association-in-fact enterprise.  *Id*. (citation omitted).  Such an enterprise "must have at least three structural features:  a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

Moulton's RICO claim fails because it is wholly conclusory and because she does not plausibly allege an association-in-fact enterprise.  The complaint asserts that Paul, Buffington Law Firm, and Hitchman Fiduciaries "constituted an association-in-fact enterprise" and "conspired in fraud on the court" by making false representations that Plaintiff was a trustee prior to 2021 and in defense of the 2015 Amendment.  Compl. ¶¶ 68-72.  As an initial matter, Moulton may be collaterally estopped from raising these issues to the extent they were raised, or could have been raised, before the probate court.  Regardless, Moulton's conclusory allegations that Defendants constituted an association-in-fact enterprise, without more, are insufficient because Moulton does not allege how Paul, Buffington Law Firm, and Hitchman Fiduciaries – a neutral trustee appointed by the probate court – "associated together for a common purpose." *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015); *see also Twombly*, 550 U.S. at 555.  Thus, Plaintiff fails to plausibly allege a RICO claim.

---

[6] Moulton does not name Hitchman Fiduciaries as a Defendant to the Section 1962(c) claim, but does allege that Hitchman Fiduciaries was part of the "fraud enterprise."  Moulton also alleges that all Defendants participated in a RICO conspiracy in violation of 18 U.S.C. § 1962(d).  Compl. ¶¶ 119-122.  Because Moulton fails to allege the predicate RICO violation, the Court does not reach her RICO conspiracy claim.

## IV.    LEAVE TO AMEND THE COMPLAINT

In closing, the Court notes that Moulton details a lengthy history between herself and Paul dating back to "the early 2000s." Compl. ¶ 26. Many of the allegations levied here against Paul, including allegations relating to defrauding and abusing Trustor Betty, appear to have been litigated in some capacity in state court. However, Moulton now accuses Paul, his attorneys, and a neutral appointed trustee of defrauding the probate court. Because of the conclusory nature of Moulton's allegations and because she does not distinguish between the fraudulent scheme prior to Trustor Betty's death versus the scheme to defraud the probate court, the Court cannot determine the relevant statute of limitations or whether Plaintiff's claims are barred by collateral estoppel, the probate exception, the *Rooker-Feldman* doctrine, or the *Noerr-Pennington* doctrine. The Court notes its concern that many, if not all, of Plaintiff's claims may be collaterally estopped or otherwise barred.

However, because this is the Court's first ruling on the legal sufficiency of Moulton's claims, and because she is self-represented, the Court GRANTS leave to amend the complaint. Moulton is advised that the Court may dismiss the complaint without granting further leave to amend if she fails to plausibly state a claim over which the Court has subject matter jurisdiction in her amended complaint. In the amended complaint, Moulton must clearly allege whether her claims relate to conduct that occurred prior to Trustor Betty's passing or solely to Defendants' conduct during the probate proceedings, keeping in mind that conduct predating Trustor Betty's passing may be barred by the statute of limitations or collateral estoppel. In addition, Moulton must explain how Defendants' conduct relates to each cause of action brought.

Moulton is reminded that the amended complaint will supersede the original complaint and all other pleadings. Any facts, claims, or defendants not included in the amended complaint will not be considered by the Court. Moulton may not add new claims or defendants without leave of Court. Moulton is also advised that any amended complaint must contain all relevant allegations and clearly identify each claim asserted against each Defendant, the relevant legal theory, and the relief sought. *See McHenry v. Renne*, 84 F.3d 1172, 1176-80 (9th Cir. 1996).

The District Court has a guide for *pro se* litigants called Representing Yourself in Federal

11

Court:  A Handbook for Pro Se Litigants (https://cand.uscourts.gov/pro-se-handbook/), which provides instructions on how to proceed with a civil case.  Moulton can access the guide, and additional resources for *pro se* litigants, on the Northern District Court's website (https://cand.uscourts.gov/pro-se-litigants/).

## V.    CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. **Moulton shall file any amended complaint by April 20, 2026.**  If the amended complaint does not cure the deficiencies discussed in this Order, the Court may dismiss the complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: March 20, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

12